UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 23, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Caitlin C. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-3106-CDA

Dear Counsel:

On November 15, 2023, Plaintiff petitioned the Court to review a final decision of the Social Security Administration ("SSA" or "Commissioner" or "Defendant"). ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 11) and Plaintiff's Motion for Summary Judgment, which is fully briefed (ECFs 12, 13, 14). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and the proper application of relevant legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons below, the Court will DENY Plaintiff's Motion for Summary Judgment and AFFIRM the SSA's decision.

## I.   PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on June 23, 2020, alleging a disability onset of March 3, 2020. Tr. 18. The claim was denied initially and on reconsideration. *Id.* On September 28, 2022, an administrative law judge ("ALJ") held a hearing. *Id.* On February 22, 2023, the ALJ found that Plaintiff was not disabled during the relevant time frame. Tr. 15–43. The Appeals Council denied a request for review, Tr. 1–7, so the ALJ's decision is final and judicially reviewable, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). To evaluate a disability claim, the SSA determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

---

[1] The Court substitutes Martin O'Malley, the current Commissioner of the Social Security Administration, as Defendant. *See* Fed. R. Civ. P. 25(d).

Here, at step one, the ALJ found that Plaintiff did not engage in substantial gainful activity between her alleged onset date and the date on which she was last insured. Tr. 21. At step two, the ALJ found that Plaintiff had the following severe impairments: hypercoagulable state; cervical spine degenerative disc disease; spondylosis; radiculopathy; anterior discectomy; and fusion with instrumentation in May 2021. *Id.* The ALJ also found that Plaintiff had the following non-severe impairments: mild right carpal tunnel syndrome; endometrioma; bruxism; trigeminal neuralgia; TMJ syndrome; adjustment disorder with mixed anxiety and depressed mood; and bereavement. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment (a "Listing"). Tr. 23. The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant [can] occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk for a total of about 6 hours in an 8-hour workday, sit for a total of about 6 hours in an 8-hour workday, frequently handle, finger, and feel bilaterally, occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, and never climb ladders, ropes and scaffolds. She must avoid concentrated exposure to extreme cold and all exposure to hazards (machinery, heights, etc.).

Tr. 25. At steps four and five, the ALJ found that Plaintiff was unable to perform her past relevant work but could perform five other jobs (information clerk, survey worker, office helper, hand bander, and sorter) that exist in significant numbers in the national economy. Tr. 35–37. The ALJ concluded that Plaintiff was not disabled. Tr. 38.

### III.   LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

### IV.   ANALYSIS

On appeal, Plaintiff argues: (1) that the ALJ erred by improperly assessing her mental impairments and alleged tuberculosis; (2) that the ALJ did not properly analyze Listing 1.15; (3) that the ALJ erroneously failed to discuss Listings 7.18 and 11.14; and (4) that the ALJ erred at step five. *See* ECF 12-1, at 2–15. Defendant counters that the ALJ's findings at steps two, three, and five are supported by substantial evidence and that Plaintiff has identified no step-five error. *See* ECF 13, at 6–17.

A.   The ALJ Did Not Err at Step Two.

The Court first considers Plaintiff's argument that the ALJ erred at step two by failing to conclude that her alleged tuberculosis was medically determinable.[2]  *See* ECF 12-1, at 7–8.  An impairment must stem from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  Here, the ALJ noted that Plaintiff "followed [up] with the health department for 'potential' TB infection" and that "tuberculosis tests were negative."  Tr. 31 (citing Exhibit 4F). Accordingly, the ALJ determined that tuberculosis was not medically determinable. Tr. 22. This finding is supported by more than a scintilla of evidence, so the Court must uphold it.  *See Laws*, 368 F.2d at 642.

Plaintiff also contends that the ALJ erred in finding that her mental impairments were not severe.[3]  *See* ECF 12-1, at 8.  The SSA follows a "special technique" when evaluating the severity of mental impairments.  20 C.F.R. § 404.1520a(a).  To apply the technique, an ALJ rates a claimant's degree of limitation in four categories: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  *Id.* § 404.1520a(c)(3).  Each area is rated using "the following five-point scale: None, mild, moderate, marked, and extreme."  *Id.* § 404.1520a(c)(4).  "The last point on the scale represents a degree of limitation that is incompatible with the ability to do any gainful activity."  *Id.*  If the claimant's degrees of limitation are no more than "mild," the ALJ will generally conclude that the claimant's mental impairments are not severe.[4]  *Id.* § 404.1520a(d)(1).

A review of the ALJ's decision makes clear that the ALJ properly applied the special technique.  In assessing Plaintiff's ability to understand, remember, or apply information, the ALJ found that Plaintiff had "no limitation" because, although she could not follow spoken instructions well, she could follow written instructions and "presented as awake, alert, and fully oriented with intact memory[.]"  Tr. 21.  The ALJ found that Plaintiff had no limitation in interacting with others

---

[2] In the section of her brief devoted to this argument, Plaintiff states in passing that her impairments meet the criteria of "Listing 14.00."  ECF 12-1, at 8.  Because Plaintiff does not develop this apparent argument, she has waived it.  *See United States v. Taylor-Sanders*, 88 F.4th 516, 525 n.5 (4th Cir. 2023).  In any event, "14.00" is not a Listing; it is a section of the Listings.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 14.00.

[3] In her brief, Plaintiff states, in the heading appearing above this argument, that the ALJ "failed to consider [her] mental impairments [to be] medically determinable."  ECF 12-1, at 8 (emphasis omitted).  The section heading raises a different argument than that made in the section's text.  In any event, a review of the ALJ's decision reveals no point at which the ALJ dismissed an alleged mental impairment as not medically determinable.  *See* Tr. 15–43.

[4] The application of the special technique is "not an RFC assessment[.]"  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *4 (July 2, 1996).  An RFC assessment, by contrast, is "more detailed" and involves an itemization of the functions that are implicated when applying the special technique.  *Id.*

because she "got along with others, including authority figures." Tr. 22. The ALJ found that Plaintiff had no limitation in concentrating, persisting, or maintaining pace because testing showed "no obvious cognitive deficits" and "intact memory, normal attention, and normal concentration." *Id.* Lastly, the ALJ found that Plaintiff had no limitation in adapting or managing herself. *See id.* The ALJ observed that, although Plaintiff could not tolerate changes in routine well, she could carry out daily activities, follow commands, and tolerate some stress. *See id.*

The ALJ supported these conclusions with substantial evidence because they marshaled more than a scintilla of factual support for the degree of limitation that they assigned to each area of mental functioning. *See Laws*, 368 F.2d at 642. Although Plaintiff may disagree with the ALJ's interpretation of the evidence, the Court may not second-guess an ALJ's factual conclusions if they are appropriately supported. *See Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962). Accordingly, the Court finds that the ALJ properly deemed Plaintiff's mental impairments to be non-severe based on their special-technique findings.

B. <u>The ALJ Properly Analyzed Listing 1.15.</u>

Plaintiff also challenges the ALJ's analysis of Listing 1.15.[5] *See* ECF 12-1, at 2–5. The SSA's Listings describe the impairments considered "severe enough to prevent an individual from doing any gainful activity[.]" 20 C.F.R. § 404.1525(a). At step three, an ALJ considers whether a claimant has "an impairment(s) that meets or equals" a Listing. *Id.* § 404.1520(a)(4)(iii). A claimant must satisfy each of a Listing's criteria to be found disabled. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Listing 1.15 pertains to disorders of the skeletal spine causing compromise of one or more nerve roots. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.15. To meet or equal Listing 1.15, a claimant must provide evidence of one of the following:

> 1. A documented medical need (see 1.00C6a) for a walker, bilateral canes, or bilateral crutches (see 1.00C6d) or a wheeled and seated mobility device involving the use of both hands (see 1.00C6e(i)); or
>
> 2. An inability to use *one* upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4), *and* a documented medical need (see 1.00C6a) for a one-handed, hand-held assistive device (see 1.00C6d) that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand (see 1.00C6e(ii)); or

---

[5] In her brief, Plaintiff states, in the heading appearing above this argument, that the ALJ "failed to consider the totality of" her impairments. ECF 12-1, at 2 (emphasis omitted). This heading raises a different argument than Plaintiff makes in the brief's text. Because Plaintiff does not develop her argument regarding the combined effect of her impairments, the Court does not consider the argument. *See United States v. Taylor-Sanders*, 88 F.4th 516, 525 n.5 (4th Cir. 2023).

> 3. An inability to use *both* upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4).

*Id.* The ALJ found that Listing 1.15 was not met or equaled because the evidence failed to show any of those criteria:

> In this case, there is no evidence of a documented medical need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands. There is no evidence of a documented medical need for a one-handed, hand-held assistive device requiring the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand. Longitudinal medical records do not evidence an inability to use both upper extremities so that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements. . . . Carpal tunnel syndrome was only mild. Daily activities were intact despite pain. Strength and reflexes were intact, without evidence of atrophy.

Tr. 25. The ALJ's assessment of the relevance of this Listing is supported with more than a scintilla of evidence, which renders the ALJ's analysis conclusive. *See Laws*, 368 F.2d at 642. Plaintiff argues that her inability to lift laundry baskets and style her hair warrants a different conclusion. *See* ECF 12-1, at 4. However, the ALJ discussed Plaintiff's difficulties with these activities elsewhere in the decision. *See* Tr. 26. Because an ALJ need only review evidence once in their decision, *see McCartney v. Apfel*, 28 F. App'x 277, 279 (4th Cir. 2002) (per curiam), and because the Court "must read the ALJ's decision as a whole," *Keene v. Colvin*, 732 F. App'x 174, 177 (4th Cir. 2018) (per curiam), the Court interprets the ALJ's decision as finding Plaintiff's difficulties with lifting and personal grooming to be insufficient to satisfy Listing 1.15's criteria.

      C.      <u>The ALJ Did Not Err by Failing to Discuss Listings 7.18 and 11.14.</u>

Plaintiff also argues that the ALJ erred by failing to consider whether her impairments met or equaled Listings 7.18 and 11.14. *See* ECF 12-1, at 5–7, 10–12. Listing 7.18 pertains to repeated complications of hematological disorders and Listing 11.14 pertains to peripheral neuropathy. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 7.18, 11.14.

An ALJ need not "identify and discuss every possible listing[.]" *Ezzell v. Berryhill*, 688 F. App'x 199, 200 (4th Cir. 2017) (per curiam) (citing *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). But, when there is "ample evidence in the record" to support a finding that a Listing is satisfied, the ALJ must evaluate that Listing. *Id.*; *accord Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (noting that the duty to discuss a Listing is "triggered" only if there is ample evidence in the record to support a finding that the Listing is satisfied).

Relevant here, Listing 7.18 requires a showing of repeated complications from a hematological disorder that cause "significant, documented symptoms or signs" as well as a limitation in: (1) daily activities; (2) social functioning; or (3) timely completing tasks. 20 C.F.R.

*Caitlin C. v. O'Malley*
Civil No. 23-3106-CDA
August 23, 2024
Page 6

pt. 404, subpt. P, app. 1 § 7.18.  The Listing contains specific "frequency and duration" criteria:

> <u>Repeated complications</u> means that the complications occur on an average of three times a year, or once every 4 months, each lasting 2 weeks or more; or the complications do not last for 2 weeks but occur substantially more frequently than three times in a year or once every 4 months; or they occur less frequently than an average of three times a year or once every 4 months but last substantially longer than 2 weeks. . . . You must have the required number of complications[.]

*Id.* § 7.00G(2).

On appeal, Plaintiff identifies a complication resulting from her disorder (namely, a low platelet count resulting from her hypercoagulable state).  But she does not explain how the low platelet count constitutes a repeated complication as described in Listing 7.18.  *See* ECF 12-1, at 10–12.  Because Plaintiff does not address this portion of Listing 7.18, she fails to show that "ample" evidence required the ALJ to discuss the Listing.  *Ketcher*, 68 F. Supp. 2d at 645.

The Court reaches the same conclusion with respect to Listing 11.14, which can be met or equaled through either of two means: (1) by showing "[d]isorganization of motor function in two extremities" that results "in an extreme limitation . . . in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities"; or (2) by showing "[m]arked limitation" in physical functioning and in one of four areas of mental functioning.  20 C.F.R. pt. 404, subpt. P, app. 1 § 11.14.

Plaintiff argues that she satisfies Listing 11.14's first criterion because her trigeminal neuralgia "causes neuromuscular disfunction between her left and right hands, and communication impairment."  ECF 12-1, at 6.  This argument accounts for the Listing's requirement for disorganization in motor function, but it does not explain how Plaintiff's trigeminal neuralgia causes the "extreme limitation[s]" enumerated in Listing 11.14.  20 C.F.R. pt. 404, subpt. P, app. 1 § 11.14.  Accordingly, Plaintiff has not shown that the evidence triggered the ALJ's duty to discuss this Listing.  *See Ketcher*, 68 F. Supp. 2d at 645.

When a party fails to provide adequate support for its argument, a reviewing court need not "undertake an open-ended review of the entirety of the administrative record to determine . . . whether it might contain" that support.  *Gilbert v. Colvin*, No. KSF-12-257, 2013 WL 2325133, at *3 (E.D. Ky. May 28, 2013) (quoting *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006)).  The Court will not conduct such a review here.

D.   <u>The ALJ Did Not Err at Step Five.</u>

Lastly, Plaintiff argues that the ALJ erred at step five.  ECF 12-1, at 12–15.  Specifically, she avers that: (1) her RFC only permits her to perform sedentary work, thus precluding the performance of the jobs the ALJ identified, and (2) the ALJ did not sufficiently clarify whether Plaintiff's RFC permits her to work as an information clerk.  *See id.* at 12, 14–15.

*Caitlin C. v. O'Malley*
Civil No. 23-3106-CDA
August 23, 2024
Page 7

Both contentions are unavailing. Although Plaintiff asserts that she is limited to sedentary work, she provides no argument to support the assertion. *See id.* at 12. She thus fails to meet her "burden of demonstrating that the Commissioner's decision [was] not based on substantial evidence or that incorrect legal standards were applied" with respect to the ALJ's RFC determination. *Settles v. Colvin*, 121 F. Supp. 3d 163, 169 (D.D.C. 2015) (alteration in original).

As a final matter, Plaintiff alleges error with respect to the finding that she could work as an information clerk, insofar as "there are ten pages of specified Information Clerk positions that all have different physical requirements." ECF 12-1, at 14. However, she alleges no error with respect to the other jobs that the ALJ identified at step five. *See id.* Accordingly, even if the ALJ erred by identifying the role of information clerk, "any such error was harmless and there is no basis for remand." *Ferreira v. Comm'r of Soc. Sec.*, No. SAB-20-509, 2022 WL 1204843, at *25 (E.D. Cal. Apr. 22, 2022) (affirming ALJ's decision where a plaintiff challenged step-five findings concerning two jobs but did not challenge findings concerning a different job).

V.    **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 12, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge